IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| HARRY HARRIS,<br><br>       Plaintiff,<br>v.<br>STELLAR RECOVERY,<br><br>       Defendant. | MEMORANDUM DECISION<br><br>Case No. 2:13-cv-00876-DBP<br><br>Magistrate Judge Dustin B. Pead |
|---|---|

## I. INTRODUCTION

The parties consented to this Court's jurisdiction under 28 U.S.C. § 636(c). (Docket No. 10.) Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA") by repeatedly calling Plaintiff from an automatic telephone dialing system and attempting to collect a debt belonging to someone else named Kevin. (Dkt. No. 17.)

The Court now considers an irregular set of motions. First, Defendant filed a motion to extend the discovery deadlines. (Dkt. 37.) This motion was not opposed. Next, Plaintiff filed his own motion to extend discovery deadlines with a supporting affidavit. (Dkt. 38, 39.) Defendant filed a response. (Dkt. 40.) Finally, Plaintiff filed a reply. (Dkt. 41.)

## II. MOTIONS TO EXTEND DISCOVERY

Oddly, the present dispute is not actually a dispute at all. The parties agree that all dates should be extended according to the proposal set forth in Plaintiff's motion. (*See* Dkt. 38, 40.) The parties are reminded of their professional obligation under the Utah Standards of Professionalism and Civility, particularly Standard Ten: "Lawyers shall make good faith efforts to resolve by stipulation undisputed relevant matters . . . ." Additionally, Federal Rule of Civil

1

Procedure 29 and District of Utah Rule 7-1 provide an express basis for stipulating to proposed amendments to discovery schedules. Counsel is encouraged to follow these procedures in the future. Nonetheless, the Court does not wish to add to any delay in this case. Thus, Plaintiff's motion to extend discovery deadlines is hereby **GRANTED**. Accordingly, Defendant's motion to extend the discovery deadlines is now moot because the deadlines are not extended beyond the date to which Defendant sought to extend them in its motion.

The scheduling order is modified as indicated below. All dates not set forth below remain unchanged.

**\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

| | | | TIME | DATE |
|---|---|---|---|---|
| **2.** | | **DISCOVERY LIMITATIONS** | | **DATE** |
| | j. | Close of fact discovery: | | _03/12/15_ |
| **4.** | | **RULE 26(a)(2) REPORTS FROM EXPERTS** | | **DATE** |
| | a. | Parties bearing burden of proof | | _04/16/15_ |
| | b. | Counter reports | | _04/30/15_ |
| **5.** | | **OTHER DEADLINES** | | **DATE** |
| | a. | Last day for Expert discovery | | _05/29/15_ |
| | b. | Deadline for filing dispositive or potentially dispositive motions | | _06/29/15_ |
| | c. | Deadline for filing partial or complete motions to exclude expert testimony | | _06/29/15_ |
| **7.** | | **TRIAL AND PREPARATION FOR TRIAL** | **TIME** | **DATE** |
| | a. | Rule 26(a)(3) Pretrial Disclosures[1] | | |
| | | Plaintiff | | _09/29/15_ |

---

[1] The Parties must disclose and exchange any demonstrative exhibits or animations with the 26(a)(3) disclosures.

|     |                                          |          |            |          |
|-----|------------------------------------------|----------|------------|----------|
|     | Defendant                                |          |            | *10/13/15* |
| c.  | Special Attorney Conference[2] on or before |      |            | *10/27/15* |
| d.  | Settlement Conference[3] on or before    |          |            | *10/27/15* |
| e.  | Final Pretrial Conference                |          | 2:30 p.m.  | *11/17/15* |
| f.  | Trial                                    | Length   |            |          |
|     | ii. Jury Trial                           | *2 days* | 8:30 a.m.  | *12/07/15* |

**8.     OTHER MATTERS**

Counsel should contact chambers staff of the judge presiding in the case regarding Markman motions to determine the desired process for filing and hearing of such motions. Parties should file all such motions and Motions in Limine well in advance of the Final Pre Trial.

For the reasons stated above, the Court **GRANTS** Plaintiff's motion to extend the discovery deadlines. (Dkt. 38.) The Court finds that Defendant's motion to extend the discovery deadlines is now moot. (Dkt. 37.)

Signed January 15, 2015.

BY THE COURT:

_____
U.S. Magistrate Judge

---

[2] The Special Attorneys Conference does not involve the Court. Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case. The parties should schedule witnesses to avoid gaps and disruptions. The parties should mark exhibits in a way that does not result in duplication of documents. The pre-trial order should include any special equipment or courtroom arrangement requirements.

[3] The Settlement Conference does not involve the Court unless the Court enters a separate order. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.