IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **HARRY HARRIS,**<br><br>      Plaintiff,<br><br>v.<br><br>**STELLAR RECOVERY,**<br><br>      Defendant. | **MEMORANDUM DECISION**<br><br>Case No. 2:13-cv-00876-DBP<br><br>Magistrate Judge Dustin B. Pead |

## I.  INTRODUCTION

The parties consented to this Court's jurisdiction under 28 U.S.C. § 636(c). (Dkt. 10.) Plaintiff is Harry Harris ("Plaintiff"). Defendant is Stellar Recovery, Inc. ("Stellar"). Plaintiff's Complaint alleges that Stellar violated the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA") by repeatedly calling Plaintiff in an attempt to collect a debt belonging to someone named Kevin, and continuing to call Plaintiff even after promising that such calls would cease. (Dkt. 17.) Stellar filed a summary judgment motion seeking judgment in its favor the FDCPA claims. (Dkt. 44.) Plaintiff opposes the motion. (Dkt. 45.) Stellar filed a reply. (Dkt. 49.) For the reasons set forth in Stellar's motion and discussed during oral argument on the motion, the Court **GRANTS** Stellar's motion.

## II.  STANDARD OF REVIEW FOR SUMMARY JUDGMENT

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). "A party asserting that a fact cannot be . . . genuinely disputed must support the assertion by" citing to materials such as documents, interrogatory answers, depositions, and affidavits. *Id.* 56(c)(1)(A). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III.   PLAINTIFFS' SUMMARY JUDGMENT MOTION

#### a. Undisputed facts

Stellar is a debt collector. Comcast assigned Stellar the account of one Kenneth Mortensen on or about June 20, 2013 ("the Account"), for purposes of collection. Stellar kept "Account Notes," which contain a record of telephone calls Stellar places that relate to a particular account. Those Account Notes show that from June 20, 2013, until October 10, 2013, Stellar called a telephone number that ends 1144 to reach Kenneth Mortensen. During the same time period, Plaintiff received calls from Stellar at his telephone number that ends 0616. Stellar never dialed Plaintiff's telephone number and never attempted to contact Plaintiff because he was not listed on the Account. Unbeknownst to Stellar and Plaintiff, Nate Mortensen had obtained the telephone number ending 1144 in February 2012 and set up a call forward instruction to send calls from the 1144 number to Plaintiff's telephone number ending 0616.

Between June 22, 2013, and June 25, 2013, Plaintiff called Stellar several times to talk about the calls he received. During one such call, Plaintiff told Stellar that he had received a call for a Kenneth *Morganson*.[1] Plaintiff informed Stellar that it was calling the wrong number. Stellar

---

[1] Plaintiff submitted a declaration with his opposition stating that he answered a call from Stellar around this time and "made it clear that [he] was not Kenneth Mortensen" but the Court does not consider this declaration for reasons discussed below. *See* Part III.a.1, *infra*.

searched its records for Plaintiff's telephone number and for the name Kenneth Morganson, but was unable to locate any responsive records. Stellar never had an account for Kenneth Morganson. At the conclusion of this telephone call, Stellar blocked Plaintiff's number so that it could not be directly dialed by Stellar employees.

A few days later, Plaintiff again called Stellar to report that he received additional telephone calls, despite what Stellar told him previously. Stellar again searched its records for Plaintiff's telephone number, but could not locate any record of it. At the conclusion of this call, Stellar placed Plaintiff's telephone number on their permanent do-not-call list, which would prevent both manual and automated calls to Plaintiff's telephone number. Stellar's representative, Mr. Morine, told Plaintiff that "after twenty-four hours you won't receive any more calls from our company." Despite this statement, Plaintiff received approximately eight more telephone calls from Stellar, although Stellar never dialed Plaintiff's telephone number. On October 10, 2013, Plaintiff answered a call from Stellar and explained that it had called a wrong number. Stellar then marked the telephone number ending 1144 as a bad number and never dialed it again.

1. **Plaintiff's declaration**

The Court purposely omits facts alleged in Plaintiff's declaration submitted with his opposition because the Court concludes the declaration attempts to create a "sham"[2] issue of fact. A declaration cannot be disregarded merely because it contradicts with the declarant's prior sworn statements. Nonetheless, this Court is afforded discretion to disregard an affidavit or declaration that attempts to create a "sham" fact issue. *See Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 973 (10th Cir. 2001). When evaluating such a declaration, courts consider

---

[2] The Court uses the term "sham" because that term is used in the case law establishing the applicable doctrine. The Court does not use the term pejoratively and does not intend to imply any bad faith on the part of Plaintiff or his counsel.

whether: "(1) the affiant was cross-examined during his earlier testimony; (2) the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence; and (3) the earlier testimony reflects confusion which the affidavit attempts to explain." *Id.*

In his declaration, Plaintiff states that he "had a discussion sometime before June 22, 2013, with a female representative . . . [he] believe[s] that [he] answered the call from the female representative." (Dkt. 46.) Plaintiff claims he told the employee that she had contacted his telephone number ending 0616. Likewise, the declaration states that Plaintiff "made it clear that [he] was not Kenneth Mortensen" during the purported call. This testimony contradicts Plaintiff's deposition testimony. Plaintiff testified during his deposition that he did not recall ever talking to someone from Stellar when Stellar called Plaintiff. Instead, Plaintiff agreed that "every time [he] actually spoke to someone is when [he] called [Stellar]." (Dkt. 44, Ex. D.) Plaintiff also testified during his deposition that the individual named in Stellar's telephone message was: "Roughly it was either Kenneth or Kevin. Wasn't real sure about the name. Last name was Morganson or Mortensen." (Dkt. 44, Ex. D.)

Turning to the *Ralston* factors: Plaintiff was cross-examined during his deposition; the declaration is not based on newly discovered evidence (it is based on Plaintiff's memory which the Court would expect to diminish with time, not improve); and Plaintiff makes no attempt to explain any confusion that may have existed when he was deposed. Likewise, the Court may consider other factors. *See Ralston* at 973. Here, Plaintiff first made these assertions when he filed his opposition to Stellar's motion for summary judgment. Also, the new declaration attempts to contradict other undisputed facts not directly addressed in the declaration. For example, Plaintiff does not dispute the call records contained in Stellar's Account Notes. The

Account Notes indicate that Logix first attempted to call the 1144 number on June 21, 2013,[3] and reached an answering machine. (Dkt. 44, Ex. B.) The Account Notes do not indicate that Plaintiff answered any call from Stellar during the month of June 2013.

Further, the declaration is inconsistent with other evidence that Plaintiff himself submitted to the Court. The declaration states that Plaintiff "made it clear that [he] was not Kenneth Mortensen" during the purported call. In a recording of one telephone call between Plaintiff and Stellar, Plaintiff refers to "Kenneth Morganson," not Mortensen. (Dkt. 48, Ex. B (SRI000011).) To believe the declaration, the Court would have to believe that Plaintiff's memory is improving over time. The Court would also have to believe that Plaintiff answered a call on June 20 or 21[4] and told Stellar with certainty that he was not "Kenneth Mortensen" but that on June 22 Plaintiff then used the name Morganson. None of the four recorded conversations submitted to the Court contain evidence that Plaintiff ever mentioned the name Mortensen. Instead, it appears that Plaintiff has become more certain of critical details that favor his case in the face of a motion for summary judgment.

At oral argument, Plaintiff's counsel suggested that the declaration is more consistent with the record. Plaintiff testified during his deposition that he never answered a call from Stellar. (Dkt. 44, Ex. D at 17:15–18:3.) The undisputed facts indicate that Plaintiff answered a telephone call from Stellar on October 10, 2013. Thus, Plaintiff argues, he was mistaken during his deposition. This does not avail Plaintiff because he does not explain why he is now better able to recall details of events that took place in June 2013. While Plaintiff has shown that he forgot about the October telephone call by the time of his deposition; Plaintiff does not explain why

---

[3] Plaintiff's declaration states he received a call "sometime before June 22, 2013." Stellar acquired the account on June 20, 2013. (*Compare* Dkt. 46 *and* Dkt. 45 at 3.)

[4] It is undisputed that Stellar acquired the account on June 20, 2013.

now, over a year after his deposition, he is able to recall an additional June telephone call. Based on the foregoing, the Court disregards the declaration.

**b. Parties' arguments**

    1. Stellar's arguments

Stellar argues that any allegedly false statements were not made "in connection with collection of any debt." (Dkt. 44.) During Plaintiff's calls with Stellar, the parties never spoke about any debt, and Plaintiff was never asked to pay any debt. The parties only discussed misdirected telephone calls. Further, Plaintiff initiated the calls in which Stellar represented that calls to Plaintiff would cease. Stellar also argues that it made no false statement.

Next, Stellar argues that no evidence exists to demonstrate that Stellar had the requisite intent to harass Plaintiff, as required to support Plaintiff's claim under 15 U.S.C. § 1692d. Stellar asserts that it could not have intended to harass Plaintiff because the undisputed facts show that Stellar dialed a third party's telephone number when Plaintiff received the calls at issue. Stellar did not dial Plaintiff's telephone number.

Finally, Stellar argues that Plaintiff's FDCPA claims fail because he cannot demonstrate that the Account involves a "debt" as defined by the FDCPA. Plaintiff has no evidence that the debt was for "personal, family, or household purposes." During his deposition, Plaintiff specifically admitted that he did not know why the debt was incurred. (Dkt. 44, Ex. D.) Plaintiff an point to no other evidence in the record that suggests the nature of the debt.

    2. Plaintiff's arguments

Plaintiff argues that Stellar's false statements are "in connection with" debt collection because the FDCPA itself must be interpreted broadly to protect consumers. (Dkt. 45.) The statements here were "in connection with" debt collection because Stellar, a debt collector, made

a statement that it would stop calling Plaintiff, and the calls had the net effect of increasing the likelihood of collection of Mr. Mortensen's debt. Plaintiff also appears to suggest that the calls themselves were in connection with debt collection activity, even if the statements were not. Plaintiff also argues that the statement that Plaintiff would receive no more calls was false. Stellar stated that Plaintiff would not *receive* any more calls. Plaintiff did receive additional calls.

Next, in support of his § 1692d claim, Plaintiff argues that intent to harass can be inferred because Plaintiff told Stellar prior to June 22, 2013, that he was not Kenneth Mortenson.[5] Plaintiff further states that Stellar continued to make telephone calls to the 1144 number, even though Stellar knew, or should have known, Plaintiff received those calls at his 0616 number.

Finally, Plaintiff asserts that Stellar conceded that the debt at issue is a personal debt when it states as fact that Stellar "was assigned an account for Kenneth Mortensen from Comcast for collection . . . ." (Dkt. 44 at 4.)

c. **Analysis of claims**

   1. <u>Whether Stellar made misrepresentations in connection with the collection of any debt.</u>

The undisputed facts show that Stellar's statements to Plaintiff were not made "in connection with" debt collection activity. First to the extent Plaintiff suggests that the *calls* from Stellar were made in connection with the collection of a debt, this is beside the point. The relevant inquiry is whether the *false representation* was made in connection with the collection of any debt. *See Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011) (finding that "a reasonable jury could not find that an animating purpose of the statements was to induce payment by [Plaintiff].").

---

[5] Stellar denies this conversation took place. Plaintiff's declaration contains the only indication of this alleged conversation and the Court has disregarded it. *See* Part III.a.1, *supra*.

Second, the statements at issue were not made in connection with the collection of any debt. The FDCPA prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. One example of prohibited conduct includes the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Several circuits have adopted a "commonsense" inquiry into the general nature of the communication to determine whether it is made "in connection with" debt collection activity. *See Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 266 (3d Cir. 2013) (citing cases from the Sixth and Seventh Circuits); *McIvor v. Credit Control Servs.*, 773 F.3d 909, 915 (8th Cir. 2014). Courts analyzing this issue have concluded that statements were not in connection with debt collection where the debt collector provides an incorrect account balance in response to a debtor's inquiry. *See Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169 (6th Cir.2011).

Here, Plaintiff is not the debtor. In fact, Plaintiff is apparently entirely unrelated to, and unfamiliar with, the Account debtor. Plaintiff is an individual who received errant telephone calls when a third party set up a call forwarding instruction to Plaintiff's telephone number. Stellar's statements to Plaintiff concerned only the calls Plaintiff received from Stellar. Stellar did not ask Plaintiff to pay the debt or otherwise speak to Plaintiff about the debt. Further, Stellar's alleged misstatement was made during telephone calls that Plaintiff initiated. Thus, this conduct does "not give rise to an FDCPA claim because [Plaintiff] initiated the call, and the statements by the person answering were 'merely a ministerial response to [his] inquiry, rather than part of a

strategy to make payment more likely.'" *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 266 (3d Cir. 2013) (quoting *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169 (6th Cir.2011)).[6]

Plaintiff suggests that term "in connection with" should be read broadly enough to apply not only to statements about a debt, but also to statements about whether future phone calls will be made because those calls have a net effect of increasing the likelihood of payment on the Account. Plaintiff argues that this broad interpretation is supported by Seventh Circuit precedent and by the remedial nature of the FDCPA. Plaintiff's arguments are unpersuasive.

Plaintiff cites *Horkey v. J.V.D.B. & Associates, Inc.* in which a court found that a debt collector's profane statement to a third party made payment of a debt more likely because it tended to make the debtor more receptive to communications regarding the debt. *See* 333 F.3d 769 (7th Cir. 2003). *Horkey* does not change the outcome here. The debtor in *Horkey* hung up on a conversation with the debt collector. *Id.* at 771–72. In response, the debt collector called the debtor's coworker and instructed the coworker to "tell [the debtor] to quit being such a [expletive] bitch," and then hung up. *Id.* at 772 (second alteration in original). The court found the debt collector "was not offering general advice about how Horkey could improve her disposition; [rather it] was telling her, crudely but specifically, to be more receptive to [its] entreaties regarding the debt." *Id.* at 774. This is quite unlike the present case, in which the statement at issue was made in response to Plaintiff's complaints regarding calls he received from Stellar. Moreover, the profane language in *Horkey* was one of the evils the FDCPA sought to address. *See* S. REP. 95-382, 2, 1977 U.S.C.C.A.N. 1695, 1696 ("Collection abuse takes many forms, including obscene or profane language, threats of violence, telephone calls at unreasonable hours . . . .").

---

[6] The present case is even further removed from *Grden* because the plaintiff in that case was the debtor, calling to request his account balance. 643 F.3d at 171.

Next, Plaintiff's argument for broadly interpreting the FDCPA is unpersuasive. The FDCPA is read broadly to serve its remedial purpose, but its reach is not unlimited. The FDCPA is intended to protect consumers from unscrupulous debt collection practices; the Court will only read it broadly to serve its purpose. "The express purpose of passing the FDCPA was 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002) (quoting 15 U.S.C. § 1692(e)). None of these purposes would be served by expanding the FDCPA to apply to telephone calls forwarded by debtors, or their associates, to unrelated third parties, such as Plaintiff. Based on the foregoing, the undisputed facts here demonstrate that Stellar's statement, that Plaintiff would stop receiving calls, was not made in connection with the collection of any debt.

      2.  <u>Whether Stellar engaged in harassment, oppression, or abuse in connection with collection of any debt</u>

The undisputed facts demonstrate that Stellar did not intend to harass Plaintiff. Stellar did not know that calls to the 1144 number were being forwarded to Plaintiff. Stellar only dialed the 1144 number. The facts also demonstrate that Stellar did not dial the 1144 number after Stellar determined it was a "bad" number. Plaintiff's arguments, regarding information that Stellar should have known, speak to negligence. They do not establish Stellar's intent. The undisputed facts show that Stellar did not know about the call forward during the relevant period. Thus, Stellar did not intend to harass Plaintiff.

This does not end the inquiry, however. Both parties assume that Plaintiff must demonstrate Stellar's intent, but the FDCPA does not expressly contain such a requirement. Plaintiff's claim is brought pursuant to 15 U.S.C. § 1692d, which provides: "A debt collector may not engage in

any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Plaintiff cited specifically to Subsection 15 U.S.C. § 1692d(5), which does contain an intent requirement; however, this subsection only provides one example of behavior that violates § 1692d. The other subsections do not mention intent and the operative language of § 1692d does not contain an intent element. Neither party has identified a Tenth Circuit case that applies an intent requirement to all alleged violations of § 1692d. While some Ninth Circuit authority appears to require a Plaintiff to show intent, *Juras v. Aman Collection Serv., Inc.*, 829 F.2d 739 (9th Cir. 1987), such a requirement appears to be at odds with the statute's plain language. Thus, while Stellar has shown that Plaintiff cannot establish a violation of Subsection 1692d(5), this does not lead to the conclusion that Stellar is entitled to summary judgment on the § 1692d claim.

Nonetheless the harassment, oppression, or abuse of a person with a telephone number ending 0616 is not the "natural consequence" of calling a telephone number ending 1144. The Tenth Circuit has apparently not had occasion to interpret the term "natural consequence." The phrase means: "Something that predictably occurs as the result of an act." Black's Law Dictionary 369 (10th ed. 2014). Plaintiff takes issue with the repeated telephone calls he received, which he asserts constitute harassment. Stellar's act that resulted in those telephone calls consisted of dialing the 1144 number to contact a debtor. The undisputed facts show that Stellar was unaware of the call forward on that number during the relevant timeframe. Thus, the natural consequence of Stellar's conduct was to contact someone at a number ending 1144.[7] It is quite an unnatural consequence that those calls would be transferred to a number ending 0616 as a result of a third party's forwarding instruction to reroute calls to an apparent stranger's

---

[7] The Court takes judicial notice of the ordinary operation of a telephone because it is "generally known within the trial court's territorial jurisdiction." *See* Fed. R. Evid. 201(b)(1).

telephone number. Thus, Plaintiff's harassment claim fails because the repeated calls about which he complains were not the natural consequence of Stellar's conduct.

### 3.   Whether the Account involves "debt" as defined by the FDCPA

The FDCPA defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services, which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." 15 U.S.C. 1692a(5). The Tenth Circuit has previously affirmed dismissal of FDCPA claims because the "debt was not incurred for 'personal, family, or household purposes.'" *Munk v. Fed. Land Bank of Wichita*, 791 F.2d 130, 132 (10th Cir. 1986) (finding that debt was for agricultural purposes); *see also Bitah v. Global Collection Servs., Inc.*, 968 F. Supp. 618, 621-22 (D.N.M. 1997) ("The Tenth Circuit has read this to require the plaintiff to come forward with evidence the debt was intended to apply to a consumer transaction."). The Third Circuit has adopted the same approach. *See Anderson v. AFNI, Inc.*, No. CIV.A. 10-4064, 2011 WL 1808779, at *13 (E.D. Pa. May 11, 2011) (quoting *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163 (3d Cir.1987)) ("It is well-established that '[a] threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'").

A trial court in the Eastern District of Pennsylvania granted summary judgment in favor of a defendant debt collector even though the evidence showed that the debtor was an individual rather than a business, that the address was residential, and that the defendant treated the debts as consumer debts. *Anderson v. AFNI, Inc.*, No. CIV.A. 10-4064, 2011 WL 1808779, at *13-14 (E.D. Pa. May 11, 2011). The account in that case was assigned from Verizon. *Id.* at *1. The *Anderson* court reasoned that "individuals may—and often do—carry on commercial activities from residential settings." *Id.* The same logic applies here. Plaintiff would like the Court or the factfinder to draw a conclusion that the account was for personal use, but Plaintiff simply fails to

point to any evidence that could support that conclusion. Moreover, contrary to Plaintiff's claim, Stellar has not indicated this is a personal debt. At oral argument, Plaintiff wisely conceded that Stellar has no reason to know the purpose for which the debt was incurred. Thus, Plaintiff has not established any genuine issue for trial because he has not pointed to any evidence that a jury could rely upon to conclude that the Account involved a "debt."

## IV. TCPA CLAIMS

The parties filed a stipulation to dismiss the TCPA claim on the merits and with prejudice. (Dkt. 43.)

## V. ORDER

For the reasons set forth above, the Court **GRANTS** Stellar's summary judgment motion. (Dkt. 44.)

Further, in light of the parties' stipulation (Dkt. 43.), Plaintiff's claims under the TCPA are hereby dismissed with prejudice.

The case is closed.

Dated this 1st day of July, 2015.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge